# CRIMINAL MINUTES – GENERAL   'O'

| Case No. | 2:16-cr-00073-CAS - 9 | Date | August 11, 2017 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Benedetto Balding, Not Present<br>Catharine Richmond, Not Present<br>Shawn Nelson, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 9) Mark Garcia | NOT | | X | 9) ZOE DOLAN | NOT | | X |

**Proceedings:** (IN CHAMBERS) - UNITED STATES' MOTION TO PRECLUDE EXPERT TESTIMONY (Dkt. 520, filed August 10, 2017)

On January 31, 2016, the government filed a criminal complaint against defendant Mark Garcia, among others, stating that defendant conspired to possess with the intent to distribute and possessed with intent to distribute marijuana. Dkt. 1 ("Compl.").

On February 12, 2016, defendant was charged in a two-count indictment with (1) conspiring to possess at least 1000 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute marijuana, and aiding and abetting others in the same offense, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and 18 U.S.C. § 2(a). Dkt. 114. Defendant has entered a not-guilty plea. Dkt. 114.

Defendant's jury trial began on August 8, 2017. Dkt. 518. On August 9, 2017, defendant filed a notice of expert testimony pursuant to Federal Rule of Evidence 702. Dkt. 516. Defendant submitted a psychiatric report from Dr. Manuel Saint Martin addressing defendant's "intellectual functioning." Dkt. 516, Ex. A ("Report"). On August 10, 2017, the government the instant motion to preclude the expert testimony proposed by defendant. Dkt. 520 ("Motion"). On the same day, the Court held oral argument regarding the admissibility of the Report and whether Dr. Saint Martin should be permitted to testify at trial.

The government first argues that defendant failed to comply with his obligations under Federal Rule of Criminal Procedure 12. Motion at 4–5. Rule 12.2(b) provides:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the

issue of guilt or (2) the issue of punishment in a capital case, the defendant must--within the time provided for filing a pretrial motion or at any later time the court sets--notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(b). Defendant's counsel represented to the Court that she only recently become aware that defendant's intellectual capacity is potentially diminished. Defendant's counsel also represented that she notified the government and the Court as soon as possible upon her receipt of the Report, which is dated August 7, 2017. Accordingly, the Court declines to preclude Dr. Saint Martin's testimony on the basis of defendant's late notice.

Nevertheless, the Court precludes Dr. Saint Martin's testimony for several reasons. First, while the Court is not persuaded that the testimony is relevant, assuming relevance arguendo, the Court finds that the probative value of the testimony is substantially outweighed by a risk of confusing the issues and misleading the jury. See Fed. R. Evid. 403. For example, the Report states both that defendant "lacks complete knowledge and comprehension of his constitutional rights during a custodial interrogation" *and* that defendant "had the intellectual capacity to understand his rights and waive them." Report at 5–6. Thus, Dr. Saint Martin's testimony is likely to confuse the jury in its evaluation of defendant's intellectual capacity. Second, and relatedly, the Court finds that Dr. Saint Martin's expert testimony will not aid the jury in "understand[ing] the evidence" or in "determin[ing] a fact in issue[.]" See Fed. R. Evid. 702(a). Third, the Court finds that "[t]he defendant has failed to establish that the psychiatrist's testimony would have concerned a topic requiring expert testimony but would not have gone to the defendant's state of mind." United States v. Lewis, 837 F.2d 415, 418 (9th Cir. 1988); see also Fed. R. Evid. 404 ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."). The Report states that defendant's "decision to go along [with] the other individuals, whom he did not know, and adopt their fabricated story is plausible[.]" Report at 6. However, defendant did not make a prima facie showing of duress or present evidence of duress to the jury. See United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir. 2008) ("We have long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof."). Thus, "the testimony of [Dr. Saint Martin] would have amounted to expert testimony concerning mental state and motivation not admissible to prove or disprove guilt." See United States v. Breck, No. 89-cr-255-FR, 1990 WL 169624, at *1 (D. Or. Oct. 26, 1990). Finally, the Report fails to establish that Dr. Saint Martin's opinions are the "product of reliable principles and methods[.]" See Fed. R. Evid. 702(c). For example, the Report refers to two methods of intellectual testing, without

explaining the meaning, significance, or scientific validity of the metrics used by those methods.  See Report 4–6.

Accordingly, and for the reasons articulated to the parties during oral argument, the Court **GRANTS** the government's motion to preclude the expert testimony of Dr. Saint Martin.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | CMJ | | |